PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARÍA MATOS, Defendant and Appellant.

No. 2838. Argued July 19, 1926.—Decided July 21, 1926.

*Leopoldo Tormes* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This appeal is exclusively an attack on the complaint, the principal part of which is as follows:

"I, Manuel González, Insular Police guardsman No. 175, domiciled at No. 41 Isabel Street in Ponce, P. R., and of age, file a complaint against María Matos for a crime of aggravated assault committed as follows: That at 7 p.m. on October 16, 1925, in Las Casas Street in Ponce, P. R., which forms part of the judicial district of Ponce, P. R., the defendant María ·Matos, then and there, wilfully,. unlawfully, maliciously and with the criminal intent of inflicting serious bodily injury on the person of Enrique Vargas, assaulted him with a revolver, calibre 38, firing a shot at him which, however, missed him."

The appellant, citing *People* v. *Suárez,* 23 P.R.R. 226, says that the words in the complaint are not sufficient to show an assault on or at a person; that to say a defendant assaulted with a revolver, firing a shot at him does not show such an assault. That the words do show a criminal assault is self-evident.

The appellant maintains that no aggravated assault, of which the defendant was convicted, is defined by the Act of March 10, 1904. The act defines an assault and battery and substantially says that an assault is an attempt to commit a battery, meaning thereby what was first defined as an "assault and battery." Then in another section the act says that an assault and battery becomes aggravated when committed under certain circumstances. Necessarily an assault committed under the same circumstances is an aggravated

one. This is made clearer by the section fixing the punishment which provides as follows:

"Section 8, Act of March 10, 1904.—The punishment for an aggravated assault, or aggravated assault and battery, shall be a fine of not less than fifty nor more than one thousand dollars, or imprisonment in jail not less than one month nor more than two years, or by both such fine and imprisonment."

We cannot hold that the court committed an error in fixing the punishment at six months for this aggravated assault with a dangerous weapon.

The judgment must be affirmed.